UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DURRAND M. JAMES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:03-CR-16(02)RM |
| | ) | (Civil Cause No.3:04-CV-591RM) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Mr. James pleaded guilty to knowingly and intentionally distributing more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced on September 5, 2003 to a term of 135 months imprisonment. After the Supreme Court issued its decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), Mr. James filed a petition under 28 U.S.C. § 2255 challenging his sentence. The court dismissed his petition as premature, *see* United States v. Ford, 383 F.3d 567, 568 (7th Cir. 2004), and advised Mr. James that he could renew his petition in the event the Supreme Court made Blakely retroactively applicable to federal cases on collateral review. Mr. James is now before the court asking that a certificate of appealability be issued.

Issuance of a certificate of appealability requires the court to find that Mr. James has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not. Mr. James argues that Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 125 S. Ct. 738 (2005) should be

applied retroactively. The retroactivity of Apprendi, however, is not relevant because the Supreme Court expressly declined to consider the Guidelines in that case, *see* Apprendi, 530 U.S. at 497, n.21, and the Booker decision does not apply retroactively to cases on collateral review.  See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").  The court would also note that Mr. James waived his right to file a petition under § 2255 in his plea agreement, and he has not alleged or advanced any claims relating to the negotiation of that plea agreement. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.").

Based on the foregoing, Mr. James' motion for a certificate of appealability [Docket No.69] is DENIED.

SO ORDERED.

ENTERED:   August 30, 2005

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: D. James
D. Lanter